**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **AUGUESTE BURTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JILLIAN CRANE,**<br><br>**Defendant.** | **Case No. 26-cv-00529-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Augueste Burton, an inmate of the Illinois Department of Corrections who is currently incarcerated at Hill Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred at Menard Correctional Center. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The First Amended Complaint

Plaintiff alleges the following: When Plaintiff entered the custody of the Illinois Department of Corrections on October 4, 2010, he reported to medical staff that he had severe left knee pain, which caused swelling when he climbed on and off the top bunk bed and walked too many flights of stairs. (Doc. 12, p. 2). Plaintiff requested a low bunk permit, and his request was

denied. (*Id.*). On February 17, 2011, while housed at Menard Correctional Center (Menard), x-rays were taken of Plaintiff's left knee. (*Id.* at p. 2-3).

From 2021 through 2023, Plaintiff was repeatedly denied treatment for his knee by Nurse Practitioner Crane. (Doc. 12, p. 5). He was not provided with a low bunk permit, physical therapy, or any other kind of medical treatment. (*Id.*). On December 15, 2021, and again on December 19, 2021, nurses wrongly recorded in the medical record that Plaintiff was experiencing pain in his right knee, not his left knee. (Doc. 12, p. 3; 10, 11). As a result, on December 21, 2021, Nurse Practitioner Crane referred Plaintiff to have an ultrasound of his right knee. (*Id.* at p. 3). On January 19, 2022, Plaintiff informed Crane that he still had not received the ultrasound. (*Id.* at p. 3, 13).

On June 26, 2023, while Plaintiff was attempting to climb onto the top bunk bed using the toilet and sink, his left knee "popped," he slipped, and hit his left knee on the desk and his back on the toilet. (Doc. 1, p. 3). Plaintiff was treated by Crane at the healthcare unit. (*Id.*). Plaintiff explained that he fell while climbing to get into his bunkbed, but Crane still denied Plaintiff's request for a low bunk permit. (*Id.* at p. 4).

On July 10, 2023, an x-ray was taken of Plaintiff's left knee. (Doc. 12, p. 4). On September 13, 2023, Plaintiff was transferred from Menard to Hill Correctional Center. (*Id.*). An MRI was taken of Plaintiff's left knee on December 22, 2023. (*Id.*). Plaintiff had surgery in April 2024. (*Id.*).

## Discussion

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment claim against Jillian Crane for delaying and/or denying Plaintiff adequate care for his left knee condition and associated pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Plaintiff alleges that he entered IDOC custody with a pre-existing left knee condition, which caused chronic pain and swelling. A condition he made known to staff and was documented in his medical records. While he was at Menard, he was treated on several occasions by Nurse Practitioner Crane, and she failed to provide constitutionally adequate care, resulting in prolonged pain and Plaintiff further injuring himself when he fell from his bunkbed. These allegations are sufficient to support an Eighth Amendment deliberate indifference claim against Nurse Crane, and Count 1 survives preliminary review. *See Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (inexplicable delay of treatment or persisting in a course of treatment known to be ineffective may constitute deliberate indifference).

## DISPOSITION

For the reasons stated above, the First Amended Complaint (Doc. 12) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Crane.

The Clerk of Court shall prepare for Crane: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Because this suit addresses claims involving Plaintiff's medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Local Rule 8.2(b), Defendant needs only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time his application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.